James R. Hawkins, Esq. SBN 192925
Gregory E. Mauro, Esq. SBN 222239
Michael Calvo, Esq. SBN 314986
JAMES R. HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:    (949) 387-7200
FAX:    (949) 387-6676
Email: JAMES@JAMESHAWKINSAPLC.COM
Email: GREG@JAMESHAWKINSAPLC.COM
Email: MICHAEL@JAMESHAWKINSAPLC.COM

Attorneys for Plaintiff, NIZA JUAREZ individually and on
behalf of all others similarly situated

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| NIZA JUAREZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> M.A.C. COSMETICS, INC., a Delaware Corporation, and DOES 1 through 10, inclusive <br><br> Defendants. | Case No. <br> Assigned for all Purposes to: <br> Hon. <br> Dept. <br><br> **CLASS ACTION COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 382 FOR:** <br><br> **(1) FAILURE TO PAY MINIMUM WAGES** <br><br> **(2) FAILURE TO PAY OVERTIME;** <br><br> **(3) FAILURE TO PROVIDE MEAL PERIODS;** <br><br> **(4) FAILURE TO PROVIDE REST PERIODS;** <br><br> **(5) FAILURE TO TIMELY PAY WAGES;** <br><br> **(6) FAILURE TO PROVIDE ACCURATE WAGE STATEMENT;** <br><br> **(7) FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES;** <br><br> **(8) UNFAIR COMPETITION; AND** |

**(9) FAILURE TO PAY OVERTIME WAGES ("FLSA")**

<u>**DEMAND FOR JURY TRIAL**</u>

COMES NOW Plaintiff NIZA JUAREZ("Plaintiff"), individually and on behalf of others similarly situated, asserts claims against Defendants M.A.C. COSMETICS, INC., a Delaware Corporation, and Does 1-10, inclusive (collectively "Defendants") as follows:

<u>**JURISDICTION AND VENUE**</u>

1.     This is a collective and class action brought for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"); California Labor Code ("Labor Code"); the California Industrial Welfare Commission Wage Order No. 4; and the California Business & Professional Code section 17200, *et seq.*, as a FLSA § 216(b) collective action and California state-wide class action pursuant to Fed. R. Civ. P. 23(b)(3).

2.     This Court has personal jurisdiction over the Defendants because it has sufficient minimum contacts in the State to render the exercise of jurisdiction by this Court proper and necessary. Defendants intentionally avail itself of the markets within this State through the promotion, sale, marketing, and distribution of its services.

3.     Venue is proper in the Central District of California under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. Defendants conduct business in the city of Riverside, County of Riverside, California and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State

**CLASS ACTION COMPLAINT**

of California.  Defendants employ numerous Class Members in the County of Riverside and throughout California.

4.    Defendants are corporations engaged the retail of makeup and beauty products across the United States, including, California, and operating at various offices and locations throughout the state of California, including within Riverside County.  On information and belief, Defendants have conducted business within the State of California during the purported liability period and continue to conduct business throughout the State of California.  The unlawful acts alleged herein have had a direct effect on Plaintiff, and the similarly situated non-exempt employees throughout the State of California, and Defendants employ or have employed sufficiently numerous Class Members as non-exempt employees.

5.    On information and belief, during the statutory liability period and continuing to the present ("liability period"), Defendants consistently maintained and enforced against Defendants' Non-Exempt Employees, among others, the following unlawful practices and policies, in violation of California state wage and hour laws:  (a) failure to accurately pay minimum wages (b) failure to accurately pay overtime rates and wages; (b) failing to provide meal periods; (c) failing to authorize and permit rest periods; (d) failing to pay all wages earned upon separation from Defendants employ; (e) failure to provide accurate wage statements; (f) failure to indemnify necessary business expenses; (g) for violations of the California Unfair Competition laws; and (h) failure to pay overtime wages in violation of the Fair Labor Standards Act  29 U.S.C. §§ 201, *et seq.* ("FLSA").

6.    On information and belief, during the statutory liability period and continuing to the present, Defendants have had a consistent policy of failing to pay overtime for hours worked in excess of forty hours in a workweek or more than 8 hours in a workday.

7.    On information and belief, during the statutory liability period and continuing to the present, Defendants have had a consistent policy of failing to

- 2 -

**CLASS ACTION COMPLAINT**

provide its Non-Exempt Employees within the State of California, including Plaintiff, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws.

8.     On information and belief, during the statutory liability period and continuing to the present (rest and meal period liability period), Defendants have had a consistent policy of requiring its Non-Exempt Employees within the State of California, including Plaintiff, to work at least five (5) and or ten (10) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws.

9.     Plaintiff on behalf of herself and all Class Members bring this action pursuant to Labor Code sections 201, 202, 203, 226,  226.7, 510, 512, 558, 1174, 1174.5,  1194, 1197, 1198 and California Code of Regulations, Title 8, section 11000 *et. seq.*, applicable IWC Wage Orders, seeking unpaid overtime wages, seeking rest and meal period compensation, minimum wages, penalties, and other equitable relief, and reasonable attorneys' fees and costs.

10.     Plaintiff, on behalf of herself and all Class Members, pursuant to Business and Professions Code sections 17200 *et seq.*, also seek restitution for all benefits Defendants enjoyed from their failure to pay minimum wage, overtime wages, rest and meal period compensation, and failure to pay all wages earned upon separation from Defendants.

11.     Plaintiff, on behalf of herself and all Class Members, also seek recovery based upon the alleged violations of the Fair Labor and Standards Act, 29 U.S.C. §§ 201 *et seq.*("FLSA").

## PARTIES

12.     Plaintiff, NIZA JUAREZ is a resident of La Quinta, California.  At all

- 3 -

relevant times herein, Plaintiff has been employed by Defendants in Riverside County, California during the statutory liability period.    Defendants employed Plaintiff as a "non-exempt employee" as a makeup artist and sales representative, with the title of retail manager, at its Palm Desert location, during the liability period until her separation in approximately September 2017.

13.    As Defendants employee, Plaintiff, and similarly situated non-exempt employees were regularly required to and subsequently suffered:

(a) work in excess of eight (8) hours per day, and/or forty (40) hours per week; all in violation of California labor laws, regulations, and the Industrial

Welfare Commission Wage Orders ("IWC");

(b) perform work subject to the control of the employer without being compensated at    least minimum wages, all in violation of California labor laws, regulations, and the Industrial Welfare Commission Wage Order ("IWC");

(c) work without being permitted or authorized a minimum ten-minute rest period for

every four hours or major fraction thereof worked and not compensated one (1) hour

of pay at her regular rate of compensation for each workday that a rest period was not

provided, all in violation of California labor laws, regulations, and the Industrial

Welfare Commission Wage Orders ("IWC");

(d)   work in excess of fiver hours per day without being provided  meal periods and not compensated one (1) hour of pay at the regular rate of compensation for each   workday that a meal period was not provided, all in violation of California labor laws,  regulations, and the Industrial

**CLASS ACTION COMPLAINT**

Welfare Commission Wage Orders ("IWC");

(e) incur work related expenses which were not reimbursed, all in violation of California labor laws, regulations, and the Industrial Welfare Commission Wage Orders ("IWC").

(f) not provided accurate itemized wage statements; and

(g) not paid all wages upon separation from Defendant's employment.

14.     On information and belief, Defendants willfully failed to pay all earned wages in the form regular and overtime wages, meal and rest period premium wages, accrued vacation time, and employee business expenses incurred, in a timely manner to its Non-Exempt Employees and members of the Representative Group; nor have Defendants returned to Plaintiff or Class Members, upon or after separation from employment with Defendants, all compensation due for failure to meal and rest period premiums.

15.     Defendants, M.A.C COSMETICS, INC., a Delaware Corporation, own and operate a makeup retail stores selling various beauty and makeup products across the U.S., including California.

16.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, Defendants are organized and existing under the laws of California, and were at all times mentioned herein licensed and qualified to do business in California.  On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did and continue to transact business throughout California.

17.     Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

18.     Plaintiff is ignorant of the true names and capacities, whether

**CLASS ACTION COMPLAINT**

individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 50, inclusive and therefore sues said Defendants (the "Doe Defendants") by such fictitious names. Plaintiff will amend this complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants have been ascertained.

19.    Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants, and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

20.    Plaintiff is further informed and believes, and thereon alleges, that at all times herein material, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other. Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings this action individually as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure §382.

22.    All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

23.    The proposed class is comprised of and defined as:

**California Class:** Any and all persons who are or were employed in non-exempt employees, however titled, by Defendants in the state of California within four (4) years prior to the filing of the complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").

24.    Plaintiff also seeks to represent the Subclass(es) composed of and defined as follows:

**Sub-Class 1:** All Class Members who have been employed by Defendants at any time between July 2015 and the present and have separated their employment (hereinafter collectively referred to as the "Waiting Time Penalty Subclass")

**Sub-Class 2:** All Class Members who are or were employed by Defendants who worked in excess of six hours in a work day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the "First Meal Period Subclass").

**Sub-Class 3:** All Class Members who are or were employed by Defendants who worked in excess of ten hours in a work day but were not provided with a timely, uninterrupted, duty-free thirty-minute meal period (hereinafter collectively referred to as the "Second Meal Period Subclass").

**Sub-Class 4:** All Class Members who are or were employed by Defendants who worked in excess of three and a half (3.5) hours in a work day but were not authorized and permitted a rest period (hereinafter collectively referred to as the "First Rest Period Subclass").

**Sub-Class 5:** All Class Members who are or were employed by Defendants who worked in excess of ten hours in a work day but were not authorized and permitted a rest period (hereinafter collectively referred to as the "Third Rest Period Subclass").

**Sub-Class 6:**  All Class Members who are or were employed by Defendants at any time between July 2017 and the present and who received wage statements from Defendant (hereinafter collectively referred to as the "Wage Statement Subclass").

25.    Plaintiff reserves the right under California Rule of Court 3.765(b) and

**CLASS ACTION COMPLAINT**

other applicable laws to amend or modify the class definition with respect to issues or in any other ways.

26. The term "Class" includes Plaintiff and all members of the Class and each of the subclasses, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in this complaint.

27. There is a well-defined community of interest in this litigation and the members of the Class are easily ascertainable as set forth below:

a. <u>Numerosity</u>: The members of the Class and Subclass are so numerous that joinder of all members of the Class and/or Subclass would be unfeasible and impractical. The membership of the entire Class and/or Subclass is unknown to Plaintiff at this time, however, the Class is estimated to be greater than one hundred (100) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. <u>Typicality</u>: Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. Plaintiff and all members of the Class and or Subclass sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

c. <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom she has a well defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass. Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former

and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

d.    Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort, judicial resources, and expense compared to separate lawsuits.  The prosecution of separate actions by individual members of the Class and/or Subclass would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclass, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclass and the disposition of their interests through actions to which they were not parties.

e.    Public Policy Considerations:  Employers in the state of California violate employment and labor laws everyday.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

f.    Commonality:  There are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

 i.    Whether Defendants failed to pay Plaintiff and the Class for time spent working off the clock, including regular hours and overtime for hours Plaintiff and Class Members worked in excess of eight (8) hours per day and/or forty (40) hours per week;

 ii.    Whether Defendants failed to pay Plaintiff and the Class for time spent working when meal periods were less than 30 minutes, yet were deducted 30 minutes of time for a short meal period, and not paid for this time,

- 9 -

including regular hours and for hours Plaintiff and Class Members worked in excess of eight (8) hours per day and/or forty (40) hours per week, and double time wages for work over twelve (12) hours in a day;

iii.    Whether Defendants failed to pay Plaintiff and members of the Class all wages earned either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ;

iv.    Whether Defendants failed to provide meal periods and authorize and permit rest breaks in accordance with the applicable Labor Codes and applicable Industrial Welfare Commission ("IWC") wage order;

v.    Whether Defendants failed to provide accurate itemized wage statements in accordance with the applicable Labor Codes and applicable Industrial Welfare Commission ("IWC") wage order;

vi.    Whether Defendants failed to reimburse Plaintiff and Class Members for business expenses incurred in accordance with the applicable Labor Codes and applicable Industrial Welfare Commission ("IWC") wage order;

vii.    Whether Defendants engaged in unfair competition in violation of California Business & Professions Code §§17200, et seq.; and

viii.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

28.    Plaintiff hereby incorporates each and every allegation contained above and re-alleges said allegations as if fully set forth herein.

29.    Plaintiff further bring this suit as a Collective Action under the Fair Labor and Standards Act, 29 U.S.C. § 201, *et. seq.,* ("FLSA") on behalf of a **Collective Class**, which is constituted of all persons who were, are, or will be employed by Defendant as:

**CLASS ACTION COMPLAINT**

All hourly-paid, non-exempt employees of M.A.C. COSMETICS, INC., in the State of California from July 2015 to the present who both (a) have at least one Workweek for which they were paid for 40 or more hours, as reflected in M.A.C. COSMETICS, INC.'s payroll records, during the time period between July 2015 and through the present, and (b) opt in to the proposed FLSA collective action by consenting to join.

30.    Plaintiff alleges that during the Relevant Time Period, she is and was:

    a.  An individual who resides in the County of Riverside and the State of California;

    b.  Employed as a non-exempt employee for Defendants in the State of California, within the three years preceding the filing of the complaint here;

    c.  Worked more than 40 hours in a given week;

    d.  Did not receive overtime compensation for all hours worked over 40 hours in any given week;

    e.  Is a member of the Collective Class as defined in paragraph 26 in this Complaint; and

    f.  Plaintiff has consented to join the action. (Attached herein as **Exhibit A** is a true and correct copy of Plaintiff's Consent to Join).

31.    Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the Collective Class overtime premiums for all hours worked in excess of 40 hours per workweek.

32.    Defendants failed to properly maintain timekeeping and payroll records pertaining to the Collective Class under the FLSA, 29 U.S.C. 211(c).

33.    Defendants' unlawful conduct was widespread, repeated, and consistent.

## FACTUAL ALLEGATIONS

34.    At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

35.    Defendants employed Plaintiff as a Non-Exempt Employee and

assigned her to the Palm Desert, California retail store, working as a non-exempt hourly paid employee during the liability period until her separation in approximately September 7, 2017.

36.    On information and belief, and during the relevant time frame, Defendants implemented a uniform set of policies and practices to all non-exempt employees throughout California regardless of the location they were employed as all non-exempt employees throughout California are all engaged in the generic job duties of providing beauty and makeup consultations, ensuring the sales of beauty and makeup products, providing customer service for Defendants' products, and performing any necessary tasks related to the retail of Defendants' products.

37.    Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

38.    During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

39.    On information and belief, during the relevant time frame, Plaintiff and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week as Plaintiff and Class Members would typically worked shifts beginning at 9:00 am and concluding as early as 6:00 pm or as late as 9:00 pm.

40.    During the relevant time frame, Plaintiff and Class Members were suffered to perform work under the control of the Defendants without compensation of at least minimum wage and overtime.  More specifically, Plaintiff and Class Members were required to perform work off the clock as Plaintiff and Class Members would perform work at home, such as scheduling, reviewing and updating revenue calendars, and devise meeting notes. While at their store location, Plaintiff and Class Members often performed off the clock work as they would need

CLASS ACTION COMPLAINT

to respond to customer inquiries and provide customer service help, even if they were clocked out for the day. The time Plaintiff and Class Members spent performing the above off the clock work was time spent uncompensated while under the control of Defendants. Defendants were aware of this time and knew or should have known that Plaintiff and Class Members were suffered or permitted to work all without compensation.

41. During the relevant time frame, Plaintiff and Class Members were also subjected to Defendants unlawful rounding time policy which was used in such a manner that it resulted, over a period of time, in the failure to compensate the employees properly for all the time they have actually worked resulting in a large and disproportionate underpayment of wages as Plaintiff and Class Members performed worked.

42. During the relevant time frame, Plaintiff and Class Members were caused to endure unprovided and untimely meal periods and were not provided uninterrupted meal periods of at least thirty (30) minutes for any work days such employees worked more than ten (10) hours, and were not paid one (1) hour of wages by Defendants in lieu thereof, as Plaintiff and Class Members were systematically denied their required meal periods due to the demands placed upon them by Defendants as Defendants' Non-Exempt Employees needed to handle costumer volume, manage the ongoing daily sales of the products, and to complete various administrative tasks assigned to them in lieu of taking a meal period. On information and belief, Plaintiff and Class Members did not waive any of their authorized and required meal periods, nor did they receive one hour of regular pay for each day Defendants failed to provide a lawful meal period, all in violation of the California Labor Code.

43. During the relevant time frame, Plaintiff, and on information and belief the Class Members were systematically denied second meal periods, despite having worked a total of twelve hours in a day. Nevertheless, Defendants never

**CLASS ACTION COMPLAINT**

paid Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as required by California law where all meal periods were not provided within the legally required time frames.

44.    During the liability period, Plaintiff and Class Members were consistently required to work in excess of four (4) hours (or major fraction thereof) without receiving lawful ten (10) minute rest periods.  They were also not provided with one hour wages in lieu thereof.    Plaintiff and Class Members were systematically denied their rest breaks due to Defendants both failing to permit and authorize rest periods and the demands placed upon them by Defendants as Defendants discouraged its Non-Exempt Employees from taking their required rest periods in order to handle the costumer volume, manage the ongoing daily sales of the products, and to complete various administrative tasks assigned to them. Therefore, Defendants denied and failed to permit and authorize Class Members all of their authorized rest periods, including first rest periods of at least ten (10) minutes for every shift worked of at least three and a half (3 1/2) to four (4) hours, a first and second rest period of at least ten (10) minutes for every shift worked greater than six (6) hours, and a first, second and third rest period of at least ten (10) minutes for every shift worked in excess of ten (10) hours.

45.    Defendants neither permitted nor authorized Plaintiff and Class Members to take all of their mandated and lawful meal and rest periods.  Plaintiff and Class Members did not waive any meal or rest periods, which Defendants were required to provide to them under the California Labor Code and applicable IWC Wage Orders during the liability period.  Defendants did not fully compensate Plaintiff and Class Members for hourly wages during the liability period, including by virtue of the fact that Defendants did not compensate Plaintiff and Class Members with one extra hour of pay for Defendants' failure to provide such employees with each of their authorized rest periods and meal periods during the rest and meal period liability period.

46.    During the liability, Defendants failed to adequately reimburse Plaintiff and Class Members for work related expenses incurred for the use of personal cellphones as they used their personal cellphones to stay in contact with Defendants' district management as Defendants' management often called them at their store locations or when Plaintiff and Class Members are at home to speak about upcoming work related tasks, goals and objectives. Plaintiff and Class Members further incurred work related expenses as store employees would call to inquire about issues presented by customers or to inquire about specific product questions. Plaintiff and Class members also incurred work related expenses for the use of their personal vehicles to make bank deposits, and to travel between different M.A.C. stores if they were filling in.  Such business expenditures incurred were incurred in direct consequence of Plaintiff's and Class Members' duties pursuant to Labor Code § 2802.

47.    Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive accurate wages including overtime compensation, and premium wages including but not limited to Labor Code §§201-203, 226, 226.7, 510, 512, 558, 1194, 1197, 2802 and applicable IWC Wage Orders and California Code of Regulations, but were not paid all regular and overtime wages and not paid all meal and rest period premiums due.

48.    During the relevant time frame, Plaintiff, and on information and belief the Class Members, were not paid all wages due and owing at the time of separation for meal and rest period premiums, wages and overtime wages for off the clock work spent under the control of Defendant.

49.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that they had a duty to compensate Plaintiff and Class Members premium wages, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally

failed to do so.

50.    Plaintiff and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, IWC Wage Orders and corresponding applicable provisions of California Code of Regulations, Title 8, 11000 et seq.

## CLASS ACTION CLAIMS

### FIRST CAUSE OF ACTION FOR FAILURE TO PAY MINIMUM WAGES

### By Plaintiff and Class Against All Defendants

51.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

52.    At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage.  "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

53.    At all relevant times, Labor Code §1197 provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful.  Further, pursuant to the IWC Wage Order and Labor Code, Plaintiff and Class Members are to be paid minimum wage for each hour worked, and cannot be averaged.

54.    During the relevant time period, Plaintiff and on information and belief, Class Members were not paid minimum wage for the work time spent off the clock as discussed above.

55.    During the relevant time period, Plaintiff and on information and belief, Class Members were also not paid minimum wage for time spent working

while on their lunch breaks as Defendants' workplace demands and workload discouraged Plaintiff and Class Members from taking them.

56.    During the relevant time period, Plaintiff and on information and belief, Class Members, were not compensated a premium for their split shift schedules in violation of Cal. Code Regs., tit. 8, §11040, 4(c), the applicable IWC Wage Orders, and Labor Code §1194.

57.    Defendants policies and practices failed to pay wages for all hours worked, as required pursuant to Labor Code §§ 200, 1194, and 1197.

58.    Thus, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees pursuant to Labor Code §§ 1194, 1197 and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code §1194.2.

**SECOND CAUSE OF ACTION FOR FAILURE TO PAY OVERTIME**

**By Plaintiff and Class Against All Defendants**

59.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

60.    At all times relevant, the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week.  An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

61.    At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage.  "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is

suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to reside on the employment premises, that time spent carrying out assigned duties shall be counted as hours worked.

62.    Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

63.    At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week, as Plaintiff and Class Members worked nine to twelve hours a day.

64.    At all times relevant, Defendants failed to pay overtime wages to Plaintiff and Class Members by failing to pay for hours worked off the clock as Plaintiff and Class Members often had to perform work at home or for time spent responding to customer inquiries after having been clocked out for the day or while working through their lunches.

65.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime compensation violates the provisions of Labor Code § 204.5, §510 and §1194, and the applicable IWC wage orders and is therefore unlawful.

66.    Accordingly, Defendants owe Plaintiff and Class Members overtime wages, and have failed and refused, and continue to fail and refuse, to pay Plaintiff and Class Members the overtime wages owed.

### THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS

**By Plaintiff and Class Against All Defendants**

67.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

68.   Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

69.   Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period.

70.   Plaintiff and Class Members did not consent in writing to an "on duty" meal period.  Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff and Class Members are prevented from being relieved of all duties.  Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Plaintiff and Class Members were not provided with duty free meal periods, and/or not provided meal periods within the required time frames, or the legally required length of times.

71.   During the relevant time frame,  Plaintiff and Class Members were caused to endure unprovided and untimely meal periods and were not provided uninterrupted meal periods of at least thirty (30) minutes for any work days such employees worked more than ten (10) hours, and were not paid one (1) hour of wages by Defendants in lieu thereof, as Plaintiff and Class Members were systematically denied their required meal periods due to the demands placed upon them by Defendants as Defendants' Non-Exempt Employees needed to handle

costumer volume, manage the ongoing daily sales of the products, and to complete various administrative tasks assigned to them in lieu of taking a meal period. During the relevant time frame, Plaintiff, and on information and belief the Class Members were also systematically denied second meal periods, despite having worked a total of twelve hours in a day.

72.    On information and belief, Plaintiff and Class Members did not waive any of their authorized and required meal periods, nor did they receive one hour of regular pay for each day Defendants failed to provide a lawful meal period, all in violation of the California Labor Code.

73.    As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

74.    Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided and  not provided within the required time frames.

## FOURTH CAUSE OF ACTION FOR FAILURE TO AUTHORIZE REST PERIODS

### By Plaintiff and Class Against All Defendants

75.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

76.    Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period….  [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.… Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

77.    Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages.  Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed to permit and authorize Plaintiff and Class Members, in their roles as on-exempt employees, or equivalent positions with similar job duties, however titled, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

78.    During the liability period, Plaintiff and Class Members were consistently required to work in excess of four (4) hours (or major fraction thereof) without receiving lawful ten (10) minute rest periods.  They were also not provided with one hour wages in lieu thereof.    Plaintiff and Class Members were systematically denied their rest breaks due to Defendants both failing to permit and authorize rest periods and the demands placed upon them by Defendants as Defendants discouraged its Non-Exempt Employees from taking their required rest periods in order to handle the costumer volume, manage the ongoing daily sales of the products, and to complete various administrative tasks assigned to them. Therefore, Defendants denied and failed to permit and authorize Class Members all of their authorized rest periods, including first rest periods of at least ten (10) minutes for every shift worked of at least three and a half (3 1/2) to four (4) hours, a first and second rest period of at least ten (10) minutes for every shift worked greater than six (6) hours, and a first, second and third rest period of at least ten (10) minutes for every shift worked in excess of ten (10) hours.

79.    Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a rest period was not provided.

///

## FIFTH CAUSE OF ACTION FOR FAILURE TO TIMELY PAY WAGES DUE

### By Plaintiff and Class Against All Defendants

80.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

81.    Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

82.    Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

83.    During the relevant time period, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid wages, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include minimum and overtime wages for all work performed off the clock and for accrued vacation time.  Defendant also willfully failed and refused, and continue to willfully fail and refuse to pay Plaintiff and Class Members meal and rest break premiums due and owing.

84.    Defendants' willful failure to pay Plaintiff and Class Members their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ, violates Labor Code §§201-202.

85.    As a result, Defendants are liable to Plaintiff and members of the Class

for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

## SIXTH CAUSE OF ACTION FOR FAILURE TO PROVIDE ACCRUATE ITEMIZED WAGE STATEMENT

### By Plaintiff and Class Against All Defendants

86.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

87.     Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class including applicable hourly rates and reimbursement expenses among other things.  Defendants have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

88.     IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and

reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class.  On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

89.     Defendants have failed to accurately record all work time accrued and performed by Plaintiff and Class Members.

90.     Defendants have failed to accurately record the meal and rest period premiums owed to Plaintiff and the Class including for Defendant's failure to provide second meal periods and for rest breaks not authorized or permitted or for rest breaks where Plaintiff and Class Members were not relieved of all duty.

91.     Plaintiff and the Class have been injured as they were unable to

- 23 -

determine whether they had been paid correctly for all hours worked per pay period among other things.

92.    Pursuant to LC section 226, Plaintiff and the Class are entitled up to a maximum of $4,000 each for record keeping violations.

### SEVENTH CAUSE OF ACTION FOR FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES

#### By Plaintiff and Class Against All Defendants

93.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

94.    Labor Code § 2802 requires Defendants to indemnify Plaintiff and Class Members for necessary expenditures incurred in direct consequences of the discharge of his or her duties. As a necessary part of employment, Plaintiff and on information and belief Class Members, were not adequately reimbursed by Defendants for expenses related to all expenses incurred as results of personal cell phone usage, which was incurred as a direct consequence of the discharge of duties by Plaintiff and Class Members. For instance, Plaintiff and Class Members incurred work related expenses for the use of personal cellphones as they used their personal cellphones to stay in contact with Defendants' district management as Defendants' management often called them at their store locations or when Plaintiff and Class Members were at home to speak to them about upcoming work related tasks, goals and objectives. Plaintiff and Class Members further incurred work related expenses as store employees would call to inquire about issues presented by customers or to inquire about specific product questions. Plaintiff and Class members also incurred work related expenses for the use of their personal vehicles to make bank deposits, and to travel between different M.A.C. stores if they were filling in.  Despite these realities of the job, Defendants failed to provide reimbursements for the use of personal cell phones and the use of personal vehicles necessary to carry out their job duties.

95.    Labor Code §2804 states in pertinent part: "Any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof is null and void, and this article shall not deprive any employee or his or her personal representative of any right or remedy to which he is entitled under the laws of this State.

96.    As a result of the unlawful acts of Defendants, Plaintiff and the Class Members have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §§ 226, and 2802.

## EIGHTH CAUSE OF ACTION FOR UNFAIR COMPETITION

### By Plaintiff and Class Against All Defendants

97.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

98.    Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public.    Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

99.    Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

100.    A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law.    In the instant case, Defendants' policy and practice of failing to pay wages including overtime for off the clock work over the past four (4) years violates, including but not limited to, Labor Code §§ 204, 510, 1194, 1197.    Defendants' policy of failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided

outside of the required time frames, violates Labor Code §512, and §226.7 and applicable IWC Wage Orders and California Code of Regulations.

101. Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

102. Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

**NINTH CAUSE OF ACTION PURSUANT TO**

**FAILURE TO PAY OVERTIME ("FLSA")**

**(On Behalf of the Collective Class and the General Public Against All Defendants)**

103. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

104. At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

105. At all times relevant to this action, Plaintiff were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

106. Plaintiff and the Collective Class, by virtue of their job duties and activities performed, are non-exempt employees.

107. Plaintiff and the Collective Class have either  (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

108. At all times relevant to this action, Plaintiff and the Collective Class were suffered to work in excess of 40 hours per week without premium pay for the

same violation of 29 U.S.C. §§ 206 *et. seq.*

109.  At all times relevant, Defendants required Plaintiffs and the Collective Class to perform off-the clock work as alleged above, yet Defendants failed to pay these employees the federally mandated overtime compensation for all services performed.

110.  The off-the clock work performed by Plaintiff and the Collective Class is an essential part of their job and these activities and the time associated with these activities is not *de minimis* and is ultimately uncompensated work  time.

111.  As a result, Plaintiff and the Collective Class must be paid the federally mandated rate of 150% of each employee's regularly hour wages for work weeks of 40 hours or more. 29 U.S.C. § 207.

112.  Defendants' violations of the FLSA were knowing and willful. Defendants could have easily accounted for and properly compensated Plaintiff and the Collective Class but have failed to do so.

113.  Plaintiff has consented to be joined in this action.

114.  Plaintiff therefore seeks damages in an amount equal to the unpaid overtime wages due and owing to the Collective Class, along with liquidated damages in an equal amount, costs and attorney's fees as provided for in 29 U.S.C. § 216.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class and Collective Class;

3.    That Plaintiff be appointed as the representative of the Subclass(es); and

4.    That counsel for Plaintiff is appointed as counsel for the Class,

**CLASS ACTION COMPLAINT**

Collective Class, and Subclass(es).

On the First Cause of Action

1.      For compensatory damages equal to the unpaid balance of minimum wage compensation owed to Plaintiff and Class members as well as interest and costs;

2.      For reasonable attorneys' fees and costs pursuant to Labor Code § 1194;

3.      For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code § 1194.2;

4.      For such other and further relief as the Court deems proper.

On the Second Cause of Action

1.      For compensatory damages in an amount equal to the amount of unpaid overtime owed to Plaintiff and Class Members;

3.      For pre-judgment interest on any unpaid overtime compensation due from the day that such amounts were due;

3.      For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

4.      For such other and further relief as the Court deems proper.

On the Third Cause of Action

1.      For one (1) hour of premium pay for each day in which a required second meal period was not provided or not provided in a timely manner; and

2.      For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1.      For one (1) hour of premium pay for each day in which a required rest period was not provided; and

2.      For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1.      For statutory penalties pursuant to Labor Code §203;

2.    For interest for wages untimely paid; and

3.    For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1.    For statutory penalties pursuant to Labor Code §226;

2.    For interest for wages untimely paid; and

3.    For such other and further relief as the Court deems proper

On the Seventh Cause of Action

1. For statutory penalties pursuant to Labor Code §2802;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

On the Eighth Cause of Action

1.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay overtime wages over the last four (4) years in an amount according to proof;

2.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay premium wages for meal and/or rest periods that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3.    For pre-judgment interest on any unpaid overtime wages due from the day that such amounts were due;

4.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under Labor Code §1194;

5.    For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under Labor Code §1194; and

6.    For such other and further relief as the Court deems proper.

On the Ninth Cause of Action

1.    For general damages as measured by unpaid overtime wages; liquidated damages, an equal amount to the unpaid overtime wages under federal

- 29 -

law, including, *inter alia*, 29 U.S.C. § 216 et. seq.; and interest and attorneys fees pursuant to, *inter alia,* 29 U.S.C. § 216 et. seq.; and

2. For such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: July 20, 2018                          JAMES HAWKINS APLC

By:   /s/ Gregory Mauro
JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
MICHAEL CALVO, ESQ
Attorneys for Plaintiff NIZA JUAREZ,
individually and on behalf of all others
similarly situated.

**CLASS ACTION COMPLAINT**

# EXHIBIT A

**CONSENT TO SUE FORM**

**Consent to sue under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b)**

1.  From _____July 2015_____ [DATE] through _____September 2017_____ [DATE], I was employed by M.A.C. COSMETICS, INC., a Delaware Corporation as a non-exempt employee.

2.  During my above stated dates of employment, there were many occasions on which I worked more than forty hours per workweek and was not compensated at the rate of one and one half times my regular rate of pay for such hours.

3.  I consent to join the FLSA collective action titled *Niza Jaurez v. M.A.C. Cosmetics, Inc.*, (C.D. CA), to recover my unpaid overtime and all other damages as allowed by the FLSA.

4.  I am currently the named plaintiff in this action and represented by James Hawkins, APLC.

Print Name: NIZA JUAREZ

Signature: _____

Date Signed: _____